# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ROMAN BOGATSCHOW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 5:20-cv-00059-MTT** |
| | ) |
| **CF MEDICAL LLC and MITCHELL** | ) |
| **D. BLUHM & ASSOCIATES, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF ROMAN BOGATSCHOW'S RESPONSE TO**
**DEFENDANT MITCHELL D. BLUHM & ASSOCIATES, LLC'S**
**FIRST REQUEST FOR ADMISSIONS**

Plaintiff Roman Bogatschow ("Plaintiff") serves this Response to

Defendant Mitchell D. Bluhm & Associates, LLC's First Request for

Admissions, pursuant to Federal Rule of Civil Procedure 36 and Local Rule

36.

RESPONSE TO REQUESTS FOR ADMISSIONS

Request #1: Admit you incurred a debt originally owed to Jupiter

Anesthesia Associates.

**Response:   Denied.**

Request #2:  Admit you did not pay Jupiter Anesthesia Associates.

Page 1 of 9
02652-0019

**Response:   Denied; all amounts owed for the services rendered to Plaintiff during the medical procedure at issue were paid either by Plaintiff or his insurance company.**

Request #3:  Admit you expected Jupiter Anesthesia Associates to bill your insurance.

**Response: Objection.   This request is vague as to what Defendant believes Plaintiff was expecting Jupiter Anesthesia Associates to bill his insurance over.   Without waiving this objection, Plaintiff <u>denies</u> this request for admission.**

Request #4:  Admit that in the year following the medical procedure giving rise to the subject debt, you did not follow up with Jupiter Anesthesia Associates to confirm that your account was satisfied.

**Response:  Denied; Plaintiff followed up with the medical providers who billed his insurance and himself to ensure any amounts owed for the medical procedure were paid.**

Request #5:  Admit that in the year following the medical procedure giving rise to the subject debt, you did not check with your health

insurance company to confirm that a claim for the Jupiter Anesthesia Associates debt was submitted.

**Response:   Denied; Plaintiff followed up with his insurance to make sure all medical providers who billed him and his insurance received payment.**

Request #6: Admit that prior to filing this lawsuit, you learned that Jupiter Anesthesia Associates did not bill your health insurance for the subject debt.

**Response:   Denied as stated; Plaintiff does not have personal knowledge as to whether or not Jupiter Anesthesia Associates billed his health insurance.  Plaintiff admits that he has no evidence that Jupiter Anesthesia Associates billed his health insurance.**

Request #7: Admit that prior to filing this lawsuit, you learned that your health insurance did not pay the subject debt.

**Response:  <u>Denied</u> as to any debt owed to the alleged original creditor for the services rendered during his medical procedure; <u>admitted</u> as to the "subject" debt, which is not and was never owed, and it is based on fraud.**

Request #8: Admit that prior to filing this lawsuit, you learned that no claim

was submitted to your health insurance provider within one

year of the medical procedure giving rise to the subject debt.

**Response:   Denied; all medical providers who were authorized to bill for the procedure at issue did, to Plaintiff's knowledge, bill his insurance for the medical procedure that Defendants allege gave rise to the alleged "subject debt."   However, the alleged "subject debt" is not and was never owed, and is based on fraud.**

Request #9: Admit that prior to filing this lawsuit, you learned that the

Jupiter Anesthesia Associates account had not been paid.

**Response:   Denied; all services provided to Plaintiff during the medical procedure at issue that Defendants allege gave rise to the alleged "account" and "subject debt" were paid for by Plaintiff and his insurer.   The alleged "account" is based on fraud and is not owed.**

Request #10: Admit that your health insurance policy you claim covers the

subject account requires claims to be submitted within a year.

**Response:   Plaintiff lacks sufficient personal knowledge to be able to adequately respond to this request for admission.**

**To the extent a response is required, Plaintiff <u>denies</u> this request.**

Request #11: Admit that you agreed to pay Jupiter Anesthesia Associates.

**Response:  Objection.  Defendant's request is vague as to what Plaintiff agreed to pay Jupiter Anesthesia Associates for.  Without waiving this objection, Plaintiff <u>denies</u> this request for admission.**

Request #12: Admit that you agreed that Jupiter Anesthesia Associates may elect, solely at its discretion, to bill your health insurance company or health insurance carrier as a courtesy.

**Response:   Denied.**

Request #13: Admit that you agreed you would remain obligated to pay your Jupiter Anesthesia Associates account should it not be satisfied by your health insurance.

**Response:   Denied.**

Request #14: Admit your health insurance did not pay Jupiter Anesthesia Associates.

**Response:   Objection.  Defendant's request for admission is too vague as to what Plaintiff's health insurance was meant to pay Jupiter Anesthesia Associates for.**

**Without waiving this objection, Plaintiff <u>denies</u> this request as all services rendered during the applicable medical procedure were paid, and those payments included payments from his insurance, and to the extent Defendants claim anything else is owed those claims are based upon a fraudulent account and debt.**

Request #15:  Admit you never provided Bluhm with any documentation evidencing that you did not owe any balance regarding the Jupiter Anesthesia Associates debt.

**Response:  Denied.**

Request #16: Admit Bluhm provided you with validation of the debt.

**Response:   This request for admission exceeds the limit set by Local Rule 36, which limits requests for production under Rule 36 of the Federal Rules of Civil Procedure to fifteen (15) requests to each party. Accordingly, Plaintiff objects to this request. To the extent a response is required, Denied.**

Request #17: Admit you have not suffered any actual damages.

**Response:   This request for admission exceeds the limit set by Local Rule 36, which limits requests for production under Rule 36 of the Federal Rules of Civil Procedure to fifteen**

**(15) requests to each party. Accordingly, Plaintiff objects to this request. To the extent a response is required, Denied.**

Request #18: Admit you have no documentation evidencing that you suffered any actual damages.

**Response:   This request for admission exceeds the limit set by Local Rule 36, which limits requests for production under Rule 36 of the Federal Rules of Civil Procedure to fifteen (15) requests to each party. Accordingly, Plaintiff objects to this request. To the extent a response is required, Denied.**

Request #19: Admit Bluhm did not violate any provisions of the FDCPA in its collection attempts in this matter.

**Response:   This request for admission exceeds the limit set by Local Rule 36, which limits requests for production under Rule 36 of the Federal Rules of Civil Procedure to fifteen (15) requests to each party. Accordingly, Plaintiff objects to this request. To the extent a response is required, Denied.**

Page 7 of 9
02652-0019

Submitted December 5, 2020.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com