**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ROMAN BOGATSCHOW,**     ) | |
| ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | |
| **v.**     ) | **CIVIL ACTION NO. 5:20-CV-59 (MTT)** |
| ) | |
| **CF MEDICAL LLC, *et al.*,**     ) | |
| ) | |
| ) | |
| **Defendants.**     ) | |

## ORDER

Defendants CF Medical, LLC and The Law Offices of Mitchell D. Bluhm & Associates, LLC have moved to dismiss Plaintiff Roman Bogatschow's complaint for lack of subject matter jurisdiction.  Doc. 35.  Specifically, the defendants contend that Bogatschow, who has alleged a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), lacks Article III standing.  For the reasons discussed below, that motion (Doc. 35) is **DENIED**.

## I. BACKGROUND[1]

Bogatschow underwent a medical procedure on January 4, 2016.  Docs. 20-2 ¶¶ 2-3; 28-1 ¶¶ 2-3.  Three years later, Bogatschow received a letter from Defendant Mitchell D. Bluhm & Associates alleging Bogatschow owed $2,016.00 to CF Medical, LLC.  Docs. 20-2 ¶¶ 15-16; 28-1 ¶¶ 15-16.  On February 17, 2020, Bogatschow sued the defendants for violating the FDCPA, alleging that he did not owe the debt and that

---

[1] For a more detailed discussion of the facts, see the Court's order denying the defendants' motion for summary judgment.  Doc. 29 at 1-4.

the defendants were therefore not authorized to attempt collecting money from him.

Doc. 1 ¶¶ 37, 47-48.  That is a significant point.  For now, the record suggests that the

defendants are or were forcing Bogatschow to pay money he did not owe.  The

collection effort at issue was a letter sent to Bogatschow from one of the defendants on

February 20, 2019, which listed the name of the original creditor, account number,

amount owed, contact information for the defendants, and stated in part "[t]he

outstanding balance is the obligation of the responsible party for the account(s).  This

communication is from a debt collector.  This is an attempt to collect a debt and any

information obtained will be used for that purpose."  Doc. 1-1 at 1.

      The defendants moved for summary judgment on April 7, 2021, and that

motion was denied on November 18, 2021.  Docs. 18; 29.  The defendants did not then

challenge Bogatschow's standing.  Nor did the defendants establish that Bogatschow in

fact owed the debt; rather, they argued that Bogatschow's insurance company did not

pay the alleged debt and that the February 20 letter could not have violated the FDCPA

because it was not a communication in connection with collecting a debt.

      Relevant to standing, Bogatschow alleged in his complaint that he experienced

frustration and lost valuable time because of the defendants' collection efforts.  Doc. 1 ¶

42.  Bogatschow also submitted an affidavit at the summary judgment stage in which he

stated that the collection efforts confused him and that he "was very worried and very

stressed about this collection effort."  Doc. 20-3 ¶¶ 18-19.  Finally, in response to the

defendants' motion to dismiss for lack of standing, Bogatschow submitted another

affidavit stating that because of the defendants' actions he was "stressed, anxious, and

worried[.]"  Doc. 39-1 ¶ 17.  Bogatschow explained that he was especially stressed

because of a prior experience he had with medical bills when he did not have insurance. *Id*. ¶¶ 9, 23.  Bogatshchow added that he is prepared to testify about the emotional distress the defendants' actions caused him.  *Id*. ¶ 28.

## II. STANDARD

The Court must resolve Article III standing before it decides a case on the merits. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1359 (11th Cir. 2007) (citations omitted).  To establish standing, "a plaintiff must demonstrate "(1) an injury-in-fact; (2) a causal connection between the asserted injury-in-fact and the defendant's actions; and (3) that 'the injury will be redressed by a favorable decision.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229 (11th Cir. 2021) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)).  Injury involves harms that are "concrete and particularized."  *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  "A 'particularized' injury 'must affect the plaintiff in a personal and individual way.'" *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)).  "A 'concrete' injury must be 'real, and not abstract,' but can be either 'tangible or intangible.'"  *Laufer v. Arpan LLC*, 29 F. 4th 1268, 1272 (11th Cir. 2022) (quoting *Spokeo,* 578 U.S. at 340).

Some harms easily qualify as tangible, concrete injuries.  "The most obvious are traditional tangible harms, such as physical harms and monetary harms."  *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2204 (2021).  Wasted time and frustration can also qualify as tangible concrete injuries.  *Kottler v. Gulf Coast Collection Bureau, Inc.*, 847 F. App'x 542, 543 (11th Cir. 2021) (citing *Trichell*, 964 F.3d at 997).

An intangible injury can be concrete.  But even when Congress has created a private right to action, courts still must "'independently decide whether a plaintiff has suffered a concrete harm under Article III' because Congress cannot 'us[e] its lawmaking power to transform something that is not remotely harmful into something that is.'" *Laufer*, 29 F. 4th at 1272 (quoting *TransUnion,* 141 S.Ct. at 2205).  "To determine whether an alleged intangible injury is sufficiently concrete, [a court] look[s] to both history and the judgment of Congress." *Trichell*, 964 F.3d at 997 (citing *Spokeo*, 136 S.Ct. at 1549).  However, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (quoting *Spokeo,* 136 S. Ct. at 1549).  "Rather, 'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id.*  This requires a court to consider "whether the alleged intangible injury bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'" *Id*. (quoting *Spokeo*, 136 S.Ct. at 1549).

Attacks on standing, like other jurisdictional attacks, come in two forms.  "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (brackets and citations omitted).  Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of

the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[2]  *Id.* (brackets and citations omitted).

### III. DISCUSSION

The defendants argue that Bogatschow has not suffered a tangible injury and he cannot establish any intangible harm that is closely related to a harm traditionally recognized in American courts.  Doc. 35-1 at 2.  Bogatschow does not argue that his intangible harm is closely related to traditionally recognized causes of actions.  Rather, he argues that he experienced stress, worry, and anxiety and thus has established that he suffered a tangible, concrete harm.  Doc. 39 at 12-14.

Bogatschow alleged in his complaint that because of the defendants' collection efforts, he experienced frustration, lost valuable time, and was forced to retain counsel to seek clarification.  Doc. 1 ¶ 42.  In response to the defendants' motion for summary judgment, Bogatschow filed an affidavit stating that the defendants' collection efforts caused him worry and stress and that he was concerned about a potential lawsuit.  Doc. 20-3 ¶¶ 19, 22.  Now, in response to the defendants' motion to dismiss for lack of standing, Bogatschow has again submitted an affidavit stating that the defendants' collection efforts frustrated him and that the frustration "left [him] stressed, anxious, and worried that Defendants would not stop trying to collect the alleged medical debt[.]  Doc. 39-1 ¶¶ 9, 14, 16-17.

The defendants state that Bogatschow's anxiety and worry began when he received a collection letter on January 4, 2019.  According to the defendants, because

---

[2] A court may need to conduct an evidentiary hearing when it is required to make credibility determinations or is faced with disputed facts on the standing issue.  *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 885 (11th Cir. 2000).

that communication is outside of the statute of limitations and thus not at issue in this case, Bogatschow's alleged reaction from that communication is irrelevant. Doc. 44 at 7. But while Bogatschow does state the January 4 letter caused him stress, anxiety, and worry, he also avers that the February 20 letter—the communication at issue in this case—did as well. Doc. 39-1 ¶¶ 12-17.

The defendants also argue that worry, stress, and anxiety, without more, are insufficient to confer standing. Doc. 44 at 5. The defendants rely on *Crowder v. Andreu, Palma, Lavin & Solic, PLLC*, a district court case from the Middle District of Florida. 2021 WL 1338767 (M.D. Fla. April 9, 2021). In *Crowder*, the plaintiff brought a FDCPA claim and alleged that she suffered emotional distress from the defendant's collection efforts. *Id*. at *2. The court there stated that although emotional distress from a FDCPA violation can amount to a concrete injury, not every plaintiff who alleges emotional distress has standing. *Id*. The court concluded that the plaintiff's evidence was inadequate because she "provided nothing except the general statement that she was worried about a lawsuit." *Id*. at *3. The court then explained that the bare statement that the plaintiff was worried about a future lawsuit was materially different than another FDCPA case where the plaintiff had "provided 'specific, sworn facts supporting the allegations of emotional distress.'" *Id*. (citing *Mraz v. I.C. Systems, Inc.*, 2020 WL 7125629, at *2 (M.D. Fla. Dec. 4, 2020)).

Here, Bogatschow has alleged that he was worried about a potential lawsuit, but he has also provided sworn statements that the alleged FDCPA violations caused him emotional distress. Doc. 39-1 ¶¶ 13-17. And while the defendants argue that these statements are conclusory, Bogatschow has provided more than bare statements.

Bogatschow stated that he felt stressed and worried because the defendants continuously tried to collect a debt that he believed he did not owe and that he felt they would not stop "no matter what information [he] provided them." *Id*. ¶ 17.  Bogatschow also stated that a prior bad experience with medical debt exacerbated his stress and anxiety regarding the debt the defendants were attempting to collect. *Id*. ¶ 22-23. Thus, Bogatschow is not claiming emotional distress because of a trifling technicality. He claims he is distressed because the defendants are attempting to force him to pay a substantial debt he does not owe and that the distress caused by the defendants' conduct has been aggravated by his previous ill treatment at the hands of debt collectors.  These allegations are unrefuted—other than questioning the sufficiency of the allegations, the defendants offer nothing disputing Bogatschow's sworn testimony.[3]

The Eleventh Circuit, albeit in unpublished opinions, has also held that mental distress can provide a basis for Article III standing.  In *Rivas v. Midland Funding, LLC*, the Eleventh Circuit addressed whether a plaintiff had standing to bring his FDCPA claim.  842 F. App'x 483, 486 (11th Cir. 2021).  There, the plaintiff based his FDCPA claim on erroneous debt statements on the defendant's website, and the plaintiff claimed to have experienced extreme stress from the inaccurate statements. *Id*. at 486. Specifically, the plaintiff testified that it was "hard to sleep, it [was] hard to concentrate, and it [was] just very stressful." *Id*.  The Eleventh Circuit concluded that the plaintiff's "injuries [were] sufficiently tangible—and therefore concrete—to confer Article III standing." *Id*.

---

[3] The defendants took Bogatschow's deposition, but they did not elicit testimony regarding his alleged injuries.  Doc. 18-3.

Similarly, in *Kottler v. Gulf Coast Collection Bureau, Inc.*, the Eleventh Circuit analyzed whether a plaintiff had standing to sue for FDCPA violations. 847 F. App'x 542 (11th Cir. 2021). In *Kottler*, the plaintiff testified that she "was 'clustered and jumbled' why she was receiving collection calls, the messages 'scared' her into calling back, and she feared that the company would 'ruin her credit.'" *Id.* at 543. The Eleventh Circuit held that these injuries "satisfied each element for an injury in fact." *Id.*

Like the plaintiffs in *Rivas* and *Kottler*, Bogatschow has alleged that he suffered mental distress because of the defendants' collection efforts. Accordingly, the Court finds that Bogatschow, on this record, has provided evidence of a tangible, concrete injury sufficient to establish Article III standing.

## IV. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss for lack of jurisdiction (Doc. 35) is **DENIED**.

**SO ORDERED**, this 1st day of August, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT